IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. CLARK, #23521-077 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-1851-N-BK |
| | § | (3:92-CR-382-N-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255.  For the reasons that follow, it is recommended that this action be summarily dismissed. *See* Rule 4 of the Rules Governing Section 2255 Proceedings.

**I. BACKGROUND**

In 1993, Petitioner pled guilty to obstructing commerce by robbery and using and carrying a firearm during a crime of violence, and was sentenced to 211 months' imprisonment and a five-year term of supervised release.  *United States v. Clark*, 3:92-CR-382-N-1 (N.D. Tex. Jun. 22, 1993).  Nearly two decades later, on May 16, 2013, Petitioner filed this section 2255 motion, challenging his conviction and sentence.  (Doc. 2 at 5-9).  He later responded, pursuant to Court order, regarding the applicability of the one-year statute of limitations.  (Doc. 6).[1]

---

[1] On September 18, 2000, the District Court construed a *nunc pro tunc* motion as a section 2255 motion and denied the same.  (Doc. 2 for copy of paper docket sheet; electronic copy of the order is unavailable).  Because the order preceded *Castro v. United States*, 540 U.S. 375 (2003), which required that a petitioner be given notice before a pleading is construed as a first section 2255 motion, the Court does not consider the *nun pro tunc* motion to have become a proper section 2255 motion for purposes of the second or successive provision of 28 U.S.C. § 2255(h).  *See Castro*, 540 U.S. at 383 (holding that when a district court recharacterizes a *pro se* litigant's pleadings as a first motion to vacate it "must notify . . . the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2255(f); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2255). The one-year limitations period is calculated from "the date on which the judgment of conviction becomes final" or "the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." *See* 28 U.S.C. § 2255(f)(1)-(2). Sections 2255(f)(3)-(4) are inapplicable here as Petitioner does not appear to base his claims on any new constitutional right and the facts supporting the grounds for relief should have been known prior to the date on which his conviction became final.

Petitioner did not appeal and, thus, his conviction became final on July 5, 1993, ten days after the June 22, 1993 judgment of conviction. *See* FED. R. APP. P. 4(b)(1)(A) (providing for ten-day appeal period, excluding weekends and holidays, before 2009 amendment). Because that date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, beginning on April 25, 1996, within which to file a section 2255 motion. *See Duncan v. Walker*, 533 U.S. 167, 183, n.1 (2001) (Stevens, J., concurring in part and concurring in judgment) (collecting circuit court cases addressing grace period). Petitioner, however, did not file his

---

successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.").

section 2255 motion until seventeen years later on April 30, 2013.[2] Therefore, his motion is clearly outside the one-year statute of limitations.

In his section 2255 Motion and response regarding the one-year limitations period, Petitioner asserts that he was prevented from timely filing his section 2255 motion as a result of two alleged impediments. Insofar as Petitioner seeks to invoke 28 U.S.C. § 2255(f) (2) -- a government-created impediment -- he must show that: (1) he was prevented from filing a section 2255 motion (2) by government action (3) in violation of the Constitution or federal law. *See Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003) (interpreting a similar provision applicable to federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his section 2255 motion or federal petition. *See Upchurch v. Thaler*, NO. 3-10-CV-0987-D, 5-6 (N.D. Tex. Jan 28, 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Thus, Petitioner "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).

Petitioner asserts that the law library at the state prison where he was incarcerated for fifteen years before commencing his federal sentence in 2007 was inadequate and, thus, that it obstructed the timely filing of his section 2255 motion. (Doc. 2 at 10, 12; Doc. 6 at 1). Specifically, he alleges that the law library "was not adequately equipped with legal books

---

[2] The section 2255 motion is deemed filed on April 30, 2013, the date Petitioner certifies under penalty of perjury that he executed the motion and deposited it in the prison mail system. (Doc. 2 at 13). *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use the penal institution's mail system).

pertaining to federal cases and or case law thereby preventing [him] from adequately obtaining the necessary legal knowledge to address the issues that [he] (Petitioner) ha[s] raised in the application presently pending before the Court." (Doc. 6 at 1). Petitioner also contends that, during his state confinement, "the records office where [his] case files where located, suffered serious water damage from a flood," and that he "was unaware of this occurrence until after [his] arrival to the Federal Bureau of Prisons (FBOP)" when he "became aware of issues regarding [his] federal sentence." (Doc. 6 at 1-2).

Even liberally construing his assertions, Petitioner cannot establish a government-created impediment under section 2255(f)(2). His allegations that the law library was inadequate and that the Dallas records building flooded are conclusory.

Regarding his claim that the prison library was inadequate, Petitioner does not identify the state unit and the beginning and ending dates of his confinement there. In addition, he does not allege, much less establish, a causal link between the alleged denial of access to an adequate law library, while in state confinement, and his inability to file a timely section 2255 motion. Apart from stating that he was unaware of the one-year limitations period, which was enacted after he was convicted, his pleadings are completely silent as to how the alleged denial of access to an adequate library prevented him from filing a timely section 2255 petition. *See Krause*, 637 F.3d at 561-62 (state prisoner who only alleged that library at transfer facility was inadequate failed to establish that he was prevented from timely filing his federal petition; prisoner failed to allege that transfer facility's lack of legal materials prevented him from filing a timely habeas application).

Petitioner's allegations regarding the flood at the Dallas records building fare no better. He does not state the date of the flood, when he first learned about it, or the court records that

were allegedly affected by the flood.  Besides the allegation that "records needed to create a viable claim through this motion were either lost, damaged, or temporarily misplaced," Petitioner does not explain how the flood at the Dallas records building prevented him from filing a timely section 2255 motion.  (Doc. 6 at 2).  Therefore, Petitioner's allegations are insufficient to raise an issue of a government-created impediment.

Insofar as Petitioner relies on equitable tolling, his argument also fails.  *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010) (because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances).  "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam).  To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  Petitioner squandered the entire one year grace period, delaying for seventeen years before submitting this section 2255 motion.  His pleadings fail to provide any explanation for his delay, apart from the conclusory assertions of impediment noted above. (Doc. 6 at 1-2).  Unexplained delays, however, do not evince due diligence or rare and extraordinary circumstances.  "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quotation and quoted case omitted); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

In addition, neither unfamiliarity with the law nor *pro se* status rise to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the AEDPA statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate). Thus, Petitioner is not entitled to equitable tolling merely because he was unaware of the statute of limitations or because the one-year limitations period was enacted after the federal conviction at issue. (Doc. 6 at 2).

Lastly, Petitioner claims that he is "actually innocent of the charges against him." (Doc. 2 at 12). Insofar as he maintains that his motion is timely because he is actually innocent, his claim has no merit. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins,* ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013). To claim this exception, however, a petitioner "'must show that it is more likely than not than no reasonable juror would have convicted him in light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In this case, Petitioner pleaded guilty to the offense of conviction, and he does not offer any new evidence to support his claim of actual innocence. (Doc. 2 at 12). Therefore, the "actual innocence" exception is not applicable in this case. *See McQuiggin*, 133 S. Ct. at 1936 (actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).

Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *See Petty*, 530 F.3d at 365.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED October 2, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE